IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ADVANCEME, INC.,** : | CIVIL ACTION NO. 1:05-CV-2295 |
| **Plaintiff** : | (Judge Conner) |
| v. : | |
| **4301 LINGLESTOWN RD., INC.** and **SEAN BAROWSKI**, : | |
| **Defendants** : | |

# **ORDER**

AND NOW, this 2nd day of June, 2006, upon consideration of plaintiff's brief (Doc. 13) in support of its request for attorney's fees related to a motion for default judgment, and the court finding that it is unable to determine the reasonableness of the attorney's fees requested, see Interfaith Cmty. Org. v. Honeywell, 426 F.3d 694, 708 (3d Cir. 2005) ("[T]o determine the prevailing market rates in the relevant community, a court must assess the experience and skill of the . . . attorneys and compare their rates to the rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation."); see also Motion for Attorney Fees and Costs and Exhibits 1-5, Robinson v. Pa. State Corr. Officers Ass'n, No. 02-CV-1124 (M.D. Pa. Dec. 7, 2005) (Doc. 107); In re Rite Aid Corp. Sec. Litig., 396 F.3d 294, 301-02, 305 (3d Cir. 2005) (stating that courts are to conduct "robust" analysis of reasonableness of proffered fees in light of geographic area, nature of services provided, and experience of attorneys), it is hereby ORDERED that counsel for plaintiff shall file, on or before June 26, 2006,

supplemental documentation relevant to a determination of the reasonableness of the fees requested; to wit, affidavits setting forth counsel's skills and experiences, and the rates prevailing in this community for similar services by lawyers of reasonably comparable skill, experience, and reputation.  Counsel shall also address, <u>citing to applicable and controlling case law</u>, whether the amount requested is reasonable in light of the specific terms of the contract at issue and the brevity of these proceedings.  <u>See, e.g.</u>, J. Schiffres, Annotation, *Necessity of Introducing Evidence to Show Reasonableness of Attorneys' Fees where Promissory Note Provides for Such Fees*, 18 A.L.R.3d 733 (2005); <u>see also</u> <u>PNC Bank v. Bolus</u>, 655 A.2d 997, 1000 (Pa. Super. Ct. 1995); Jane Massey Draper, *Excessiveness or Inadequacy of Attorney's Fees in Matters Involving Commercial and General Business Activities*, 23 A.L.R.5th 241 (1994).

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge