# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ADVANCEME, INC.,** | : | CIVIL ACTION NO. 1:05-CV-2295 |
| Plaintiff | : | (Judge Conner) |
| v. | : | |
| **4301 LINGLESTOWN RD., INC.** and **SEAN BAROWSKI,** | : | |
| Defendants | : | |

## ORDER

AND NOW, this 5th day of July, 2006, upon consideration of plaintiff's motion (Doc. 9) for default judgment, and of the order of court dated May 9, 2006 (Doc. 12), finding that service of the complaint has been effected on defendants (see Doc. 8), that defendants have not made an appearance in this case, see FED. R. CIV. P. 55(b)(2) (providing for notice and a hearing on motion for default only if adverse party has made an appearance), that a default has been entered against defendants for failure to plead or otherwise defend as provided by the Federal Rules of Civil Procedure (see Doc. 11), see id. 55(a) ("When a party against whom judgment for affirmative relief is sought has failed to plead or otherwise defend . . . the clerk shall enter the party's default."), and that the evidence of record demonstrates that defendants are liable to plaintiff for the sum of $88,276.72 pursuant to the terms a contract entered into by the parties (see Docs. 1, 3, 9), see Loeffler v. McShane, 539 A.2d 876, 879 n.3 (Pa. Super. Ct. 1988) ("A corporate officer is . . . liable for the breach of any promises or representations which he extends not in his capacity as

an officer but personally in his individual capacity."), but that the court could not determine the reasonableness of the attorney's fees or costs requested, see FED. R. CIV. P. 55(b)(2) ("If, in order to enable the court to enter judgment . . . it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment . . . the court may . . . order such references as it deems necessary and proper . . . ."),[1] and upon further consideration of the order of court dated June 2, 2006 (Doc. 14), directing counsel for plaintiff to file, on or before June 26, 2006, supplemental documentation relevant to a determination of the reasonableness of the fees requested, including affidavits setting forth counsel's skills and experiences, and the rates prevailing in this community for similar services by lawyers of reasonably comparable skill, experience, and reputation, see Interfaith Cmty. Org. v. Honeywell, 426 F.3d 694, 708 (3d Cir. 2005) ("[T]o determine the prevailing market rates in the relevant community, a court must assess the experience and skill of the . . . attorneys and compare their rates to the rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation."), and to address whether the amount requested is reasonable in light of the specific terms of the contract at issue and the

---

[1] See also In re Rite Aid Corp. Sec. Litig., 396 F.3d 294, 301-02, 305 (3d Cir. 2005) (stating that courts are to conduct "robust" analysis of reasonableness of proffered fees in light of geographic area, nature of services provided, and experience of attorneys); Evans v. Port Auth. of N.Y. & N.J., 273 F.3d 346 (3d Cir. 2001) ("An attorney requesting a fee award must establish that rate with reference to the community billing rate charged by attorneys of equivalent skill and experience performing work of similar complexity.").

brevity of these proceedings,[2] see, e.g., J. Schiffres, Annotation, *Necessity of Introducing Evidence to Show Reasonableness of Attorneys' Fees where Promissory Note Provides for Such Fees*, 18 A.L.R.3d 733 (2005); see also PNC Bank v. Bolus, 655 A.2d 997, 1000 (Pa. Super. Ct. 1995); Jane Massey Draper, *Excessiveness or Inadequacy of Attorney's Fees in Matters Involving Commercial and General Business Activities*, 23 A.L.R.5th 241 (1994), and it appearing that counsel did not comply with the order of court,[3] it is hereby ORDERED that:

1. The motion (Doc. 9) for default judgment is GRANTED.

2. The Clerk of Court is directed to enter JUDGMENT in favor of plaintiff, Advanceme, Inc., and against defendants, 4301 Linglestown Rd., Inc., and Sean Barowski, in the amount of $89,265.85, consisting of the following amounts:

---

[2] Counsel averred that the plaintiff agreed to compensate him at the rate of 33 1/3% of the total amount recovered in these proceedings, but failed to demonstrate to the court how these terms were reasonable or otherwise binding on defendants.

[3] Instead, counsel filed—untimely and without explanation—a "brief in support" (Doc. 15) of his request for fees. See FED. R. CIV. P. 6(b) ("[When] an act is required or allowed to be done at or within a specified time, the court for cause shown may . . . upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect . . ."); see also In re Cendant Corp. Prides Litig., 233 F.3d 188, 196 (3d Cir. 2000) (discussing factors to assess in determining excusable neglect). Attached to the brief is what appears to be a contract dated May 24, 2006 between counsel for plaintiff and defendant Sean Barowski. The contract purports to schedule monthly payments from defendant Barowski to counsel in exchange for settlement of the above-captioned action. (See Doc. 15.) The court cannot grant relief based upon this document, as it is not the subject of the complaint in this case—indeed, it was entered into six months *after* these proceedings commenced—and there is nothing to indicate that defendant Barowski breached its terms.

      a.      Principal owed by defendants to plaintiff    $88,276.72

      b.      Interest due as of November 2005[4]    $ 989.13

3.    Post-judgment interest shall accrue from the date of this order. See 28 U.S.C. § 1961; see also, e.g., Skretvedt v. E.I. DuPont De Nemours, 372 F.3d 193, 217 n.32 (3d Cir. 2004).

4.    The Clerk of Court is directed to CLOSE this case.

                                    /s/ Christopher C. Conner
                                CHRISTOPHER C. CONNER
                                United States District Judge

---

[4] (See Doc. 13.)